MACKAY TELEGRAPH & CABLE CO. v. CITY OF TEXARKANA, ARK.

(District Court, W. D. Arkansas, Texarkana Division. August 15, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 10*)—STREETS—RIGHT TO USE.
    Where a telegraph company had accepted in writing and complied with Act Cong. July 24, 1866, c. 230, 14 Stat. 221, and amendments, including Act March 1, 1884, c. 9, 23 Stat. 3 (U. S. Comp. St. 1901, p. 2708), regulating post roads, and was, operating its business in accordance with such act, it was legally entitled to use the streets and alleys of a city for the construction of its line, subject only to the city's right to impose reasonable conditions or requirements in the exercise of its police power.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

2. TELEGRAPHS AND TELEPHONES (§ 10*)—FRANCHISES—USE OF CITY STREETS —CONDITIONS—REASONABLENESS.
    Whether the conditions attempted to be imposed on a telegraph company's right to use the streets and alleys of a city were reasonable was a question for the determination of the courts.
    [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TELEGRAPHS AND TELEPHONES (§ 10*)—USE OF STREETS—ORDINANCE.

Where an ordinance, granting a telegraph company the right to use city streets and alleys on specified conditions, was not accepted by the company, it was not bound by its terms, nor could the requirements thereof be enforced, unless reasonable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*

Rights of telegraph and telephone companies to use of streets, see notes to Southern Bell Telephone & Telegraph Co. v. City of Richmond, 44 C. C. A. 155; City of Owensboro v. Cumberland Telephone & Telegraph Co., 99 C. C. A. 14.]

4. TELEGRAPHS AND TELEPHONES (§ 20*)—TEMPORARY INJUNCTION.

Where a suit, instituted to restrain defendant city from interfering with complainant's telegraph line, in fact involved only a controversy concerning the reasonableness of the ordinance requiring claimant to place its wires underground for a distance which claimant deemed unreasonable, and the affidavits on application for a preliminary injunction on the question of reasonableness were conflicting, and it appeared that, if a preliminary injunction were granted, the entire relief sought by the bill would be secured by complainant, and the whole case practically disposed of before trial, the preliminary injunction would be denied.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

In Equity. Suit by the Mackay Telegraph & Cable Company against the City of Texarkana, Ark. On application for temporary injunction. Denied.

Marshall & Coffman, of Little Rock, Ark., for plaintiff.
Richard M. Mann, of Texarkana, Ark., for defendant.

YOUMANS, District Judge. This is an application for a temporary injunction to restrain the city of Texarkana, Ark., its officers, agents, employés, and servants, from interfering in any manner whatsoever with the construction by the plaintiff of a telegraph line along the streets and alleys of said city. The bill, upon the allegations of which this application is made, further prays that, at the hearing, the temporary injunction be made permanent.

According to the allegations of the bill, the plaintiff is an Arkansas corporation, engaged in the transmission of telegraphic messages between points in Arkansas, and between points in Arkansas and points in the several states of the United States; and, in connection with other telegraphic companies and certain submarine and cable companies, is engaged also in the transmission of cable messages between points in Arkansas and other countries of the world. The bill further alleges that the plaintiff has accepted in writing the post roads act of Congress, approved July 24, 1866 (14 Stat. 221, c. 230), and amendments thereto, especially the act approved March 1, 1884 (23 Stat. 3, c. 9 [U. S. Comp. St. 1901, p. 2708]), and that it is operating its business in accordance with the provisions of those acts.

[1] Under those acts of Congress, plaintiff is legally entitled to the use of the streets and alleys of Texarkana for the construction of its line. St. Louis v. Western Union Telegraph Co., 148 U. S. 92, 13

Sup. Ct. 485, 37 L. Ed. 380.    The city may impose, under its police power, reasonable requirements on the company as to the manner of construction and maintenance of its line.    Western Union Telegraph Co. v. City of Richmond (C. C.) 178 Fed. 310; Western Union Telegraph Co. v. City of Richmond, 224 U. S. 160, 32 Sup. Ct. 449, 56 L. Ed. 710.

[2] It does not lie exclusively within the power of either the company or the city to determine what is a reasonable requirement.    The inquiry must be open in the courts, and must depend largely on the actual state of affairs in the city.    St. Louis v. Western Union Telegraph Co., 148 U. S. 105, 13 Sup. Ct. 485, 37 L. Ed. 380.    In this case the plaintiff addressed a communication to the mayor and city council, asking for the privilege of entering the city with a system of poles, wires, cables, and fixtures for a general commercial telegraph and cable business.    This communication was accompanied by an ordinance to be considered by the council.    This ordinance was introduced, but never passed.

[3] An ordinance was passed on May 6, 1912, giving the plaintiff the right to use the streets and alleys of the city, but imposing certain conditions that were not acceptable to the plaintiff.    The last section of that ordinance provides that it shall be in force from and after its passage and the filing by the company of a written acceptance thereof in the office of the city clerk.    This the plaintiff has not done.    On the contrary, it has notified the mayor and council that it would not accept the ordinance.    That being the case, plaintiff is not bound by its terms, nor can its requirements be enforced, unless they are reasonable.    The controversy between the company and the city at this time grows out of a difference of opinion between them as to the extent to which the wires of the company shall be put underground.

[4] The ordinance above referred to requires, and the officers of the city insist, that through a certain portion of the city the wires of the plaintiff shall be put underground.    Plaintiff is willing to put its wires underground for a part of the distance so required by the city, but claims that the requirement for a distance further than thus conceded is unreasonable.    It has introduced the affidavits of its superintendent and right of way agent.    The facts stated in those affidavits tend to show that the improvements in that portion of the city, where it is required that wires be put underground, beyond the concession of plaintiff, are not such as make the requirement a reasonable one.    The city has not answered.    The time within which it may do so under the rules has not expired.    It has appeared by counsel in opposition to the application, and has introduced affidavits in its own behalf.    These affidavits state facts tending to show the reasonableness of the requirement, and the necessity of it for the protection of life and property.    If a temporary injunction were granted, the entire relief sought by the bill would be secured by the plaintiff, and the whole case practically disposed of before trial.    In such a case the rule is generally not to grant a temporary injunction.    22 Cyc. 740; Kirby Mfg. Co. v. White (C. C.) 1 Fed. 604; Galveston

& W. Ry. Co. v. City of Galveston (Tex.) 137 S. W. 724. This is especially true when the facts on which the application is based are controverted, as they are in this case. Marshall v. Turnbull (C. C.) 32 Fed. 124; Ellis v. Bacon, 136 Ga. 756, 71 S. E. 1050; Gaskins v. Lovett, 135 Ga. 368, 69 S. E. 476.

"The legitimate purpose and function of a temporary or preliminary injunction is to preserve matters in statu quo until the hearing. If it undertakes, or if its effect is, to dispose of the merits of the controversy without a hearing, or if it divests a party of his possession or rights in property without a trial, it is void." 1 Beach on Injunction, page 128; Calvert v. State, 34 Neb. 616, 52 N. W. 687; Arnold v. Bright, 41 Mich. 207, 2 N. W. 16.

I do not think that an injunction should issue in this case in advance of a trial and the application therefor will be denied.