## WARD BAKING CO. v. OAK PARK BAKING CO., Inc.

(District Court, D. Delaware. January 25, 1922.)

No. 445.

**Trade-marks and trade-names and unfair competition ⬅95(1)—Temporary injunction refused, on balancing of injuries.**

In a suit to restrain defendant corporation from using in connection with its goods the name of two of its principal officers, which was also used in the trade-mark of complainant, where it appeared that defendant and its affiliated companies had been using that name for years, and that no injury which could not be compensated could result to plaintiff from the continued use until the final hearing, while a preliminary injunction would require defendant to change all of its advertising matter, cartons, etc., the preliminary injunction will not be granted.

In Equity. Suit by the Ward Baking Company against the Oak Park Baking Company. On motion for preliminary injunction. Motion denied.

Pennie, Marvin, Davis & Edmonds, of New York City, and Herbert H. Ward, of Wilmington, Del., for plaintiff.

William S. Hilles, of Wilmington, Del., for defendant.

MORRIS, District Judge. The motion herein for a preliminary injunction, directed mainly to the use by the defendant of the word "Ward" in connection with its bakery products, has been heard upon bill, answer, affidavits, and exhibits.

Among the defenses to this motion are those of laches, acquiescence, unclean hands, right of defendant to use the family name of Ward, and that its use has been so accompanied by other words and marks as to distinguish its products from those of complainant. The affidavits are in conflict on practically every cardinal point. Even the validity of the registration by the complainant of the word "Ward" as a trade-mark is denied by the sworn answer of the defendant. The defendant is one of a number of subsidiary companies of "Ward Bros. Company," a New York corporation. Two brothers named Ward are officers and the dominant force in those companies. They have used the name "Ward" in the title of some of their corporations and in connection with their bakery products in certain localities for almost 10 years. The conditions under which this has been done are in dis-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pute. That which the defendant herein is now doing it apparently has done since 1919.

Final hearing may be had without delay. The injury done to the rights, if any, of the complainant, cannot be materially aggravated or extended in the interim. If, however, a preliminary injunction issue, the defendant would be required to change its cartons, the inscriptions on its wagons, and its mode of advertising, which would probably be productive of great and irreparable injury to the defendant, should it be ultimately determined that the complainant is without right to the relief it seeks. Under such circumstances, I think the motion for a preliminary injunction should be denied.

It will be so ordered.