## BEST FOODS, Inc., v. HEMPHILL PACKING CO.

(District Court, D. Delaware. January 29, 1924.)

No. 527.

1. **Trade-marks and trade-names and unfair competition ⬤95(5)—Laches held to bar right to preliminary injunction.**

 To entitle a complainant to a preliminary injunction in a suit for infringement and unfair competition, it must move promptly, and an unexcused delay for three years, after knowledge of the alleged wrongs and of their continuance, is laches, which will bar the right to such injunction.

2. **Trade-marks and trade-names and unfair competition ⬤95(5)—Delay in bringing suit for infringement held not excused.**

 A mere notification to defendant of a claim of infringement, which is denied, will not excuse a delay of three years before bringing suit, and keep alive the right to demand a preliminary injunction.

3. **Injunction ⬤132—Office of preliminary injunction is to preserve status quo.**

 The general purpose of a preliminary injunction is to maintain the status quo, and not to require the defendant to make such changes in its affairs that, in the event it should succeed on final hearing, the injury caused to it by the injunction would be irremediable.

In Equity. Suit by the Best Foods, Inc., against the Hemphill Packing Company. On motion by complainant for preliminary injunction. Denied.

Charles F. Curley (of Saulsbury, Curley & Davis), of Wilmington, Del., and George M. Wolfsen (of Rounds, Hatch, Dillingham & Debevoise), of New York City, for plaintiff.

Andrew C. Gray (of Ward, Gray & Neary), of Wilmington, Del., and Walter L. Sheppard (of Porter, Foulkrod & McCullagh), of Philadelphia, Pa., for defendant.

MORRIS, District Judge. The Best Foods, Inc., charges the Hemphill Packing Company with infringement of trade-mark and unfair competition, and now seeks a preliminary injunction.

[1] A preliminary injunction is an extraordinary remedy. To obtain it, particularly in cases of this character, the plaintiff must move promptly. Delay in suing, although not precluding ultimate injunctive relief, may be a bar to interlocutory relief. Nims on Unfair Competition (2d Ed.) § 415. The acts here complained of were begun to plaintiff's knowledge about three years prior to the filing of the bill of complaint, and to its knowledge have since continued. In the ab-

sence of justification the delay is more than sufficient to defeat plaintiff's motion for a preliminary injunction. Kelly-Springfield Tire Co. v. Kelley Tire & Rubber Co. (D. C.) 276 Fed. 826; Ward Baking Co. v. Oak Park Baking Co. (D. C.) 278 Fed. 627.

[2] The ground upon which the plaintiff here seeks to justify its delay is that it notified the defendant and its predecessors that rights of the plaintiff were being infringed. The defendant and its predecessors, however, promptly denied plaintiff's claims, and did nothing to encourage a hope or belief that this position would be changed. The mere assertion of a claim, unaccompanied by any act to give effect to it, cannot avail to keep alive a right which would otherwise be precluded. Mackall v. Casilear, 137 U. S. 556, 567, 11 Sup. Ct. 178, 34 L. Ed. 776; Gildersleeve v. New Mexico Mining Co., 161 U. S. 573, 579, 16 Sup. Ct. 663, 40 L. Ed. 812; Penn Mutual Life Insurance Co. v. Austin, 168 U. S. 685, 697, 18 Sup. Ct. 223, 42 L. Ed. 626.

It is true that in some cases the rights of the plaintiff have been so clear and the acts of the defendant so willful that a preliminary injunction has been issued, notwithstanding delay in instituting the suit; but this case, as I understand the ex parte affidavits, is not of that character. Moreover, a preliminary injunction requiring defendant to cease using its trade-name, its slogans, and carton would have the effect of granting all the relief obtainable by a final decree. See Mackay Tel. & Cable Co. v. City of Texarkana, Ark. (D. C.) 199 Fed. 347.

[3] The general purpose of a preliminary injunction is to maintain the status quo, and not to require the defendant to make such changes in its affairs that, in the event it should succeed on final hearing, the injury caused to it by the temporary injunction would be irremediable. On the other hand, it is not made to appear that any irreparable injury to plaintiff will occur before final hearing, particularly as final hearing may be had during the coming month, if the parties so desire.

I think an injunction should not issue in this case in advance of a trial upon the merits. The motion for a preliminary injunction will be denied.