**AMERICAN MERCURY, Inc., v. KIELY, Postmaster of City of New York, et al.**

Circuit Court of Appeals, Second Circuit. May 2, 1927.

No. 274.

1. Injunction &#x2207;136(2)—Temporary injunction should not issue to restrain treating magazine issue as nonmailable, where all copies mailed were delivered before suit (Criminal Code, § 211 [Comp. St. § 10381]).

Where, before suit to restrain postmaster of New York City and Postmaster General, their agents and employees, from treating certain issue of magazine as nonmailable under Criminal Code, § 211 (Comp. St. § 10381), all copies mailed had been delivered, and question of mailability was purely academic, temporary injunction should have been denied, since action at law would afford proper redress for any injury resulting from such order stamping magazine as an obscene publication.

**2. Injunction ⟨⟩136(1)—Injunction pendente lite should be granted only when absence of restraining order will cause irreparable injury.**

Injunction pendente lite should be granted only where it is made to appear in moving papers that absence of such restraining order will cause irreparable injury during the pendency of the action.

**3. Injunction ⟨⟩132—Usually temporary injunction contemplates relief, where final relief would be of no avail without it.**

Usually a temporary injunction contemplates relief where, without it, final relief would be of no avail to complainant.

**4. Injunction ⟨⟩136(2)—Courts should not judicially determine correctness of Postmaster General's order on nonmailable matter unless there is claim of irreparable damage (Criminal Code, § 211 [Comp. St. § 10381]).**

Though courts may interfere when postmaster is clearly wrong in determining nonmailable matter pursuant to Criminal Code, § 211 (Comp. St. § 10381), judicial determination as to correctness of his ruling should not be made on papers failing to support a claim of irreparable damage, which might occur before final hearing.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the American Mercury, Inc., against John J. Kiely, as Postmaster of the City of New York, and another. From an order granting a temporary injunction, pendente lite, restraining defendants from treating an issue of its magazine as nonmailable matter and directing them to transmit such issue through the mails, defendants appeal. Reversed.

Emory R. Buckner and Charles H. Tuttle, U. S. Attys., both of New York City (Thomas J. Crawford, Frank Chambers, and Alvin McKinley Sylvester, Asst. U. S. Attys., all of New York City, of counsel), for appellants.

Arthur Garfield Hays, of New York City, for appellee.

Before MANTON, HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The injunction pendente lite was granted below, restraining and enjoining the postmaster of the city of New York and the Postmaster General, their agents and employés, pending the trial of this cause, from treating the April, 1926, issue of the appellee's magazine, the American Mercury, as nonmailable, and directing them to transmit that issue through the mails. Two articles, one entitled "Hatrack" and another "A New View of Sex,"

and an advertisement of one Henry F. Marks' Book Shop, containing information as to where certain obscene books specifically mentioned in the advertisement might be purchased and the price thereof, caused the Postmaster General to issue an order holding that this issue was unmailable, pursuant to section 211 of the United States Criminal Code (Comp. St. § 10381) and section 470 of the Postal Laws and Regulations of 1924. This order was issued because it was found that the specified matters tended to corrupt the morals of those into whose hands they might fall, and further that it gave information where, how, from whom, and by 'what means obscene, lewd, or lascivious and indecent books and publications might be obtained.

The bill alleges that the April number was submitted to the postmaster at Camden, N. J., where the magazine is printed, on March 15, 1926, and no objection was made thereto; that practically the whole of the edition of this issue was mailed and delivered before April 5, 1926. The editor of the magazine submitted an affidavit in support of the application for an injunction, and swore that the April issue was published in March, 1926, and, in accordance with its usual practice, submitted to the postmaster of Camden, N. J., where the magazine is printed, before March 15, 1926, and that no objection was made thereto and practically the whole of the edition was mailed and delivered before April 5, 1926. In a notice sent out to the "friends of the American Mercury," he said, after stating that the issue had been submitted to the postmaster at Camden before March 15, 1926, and the number had been passed, "the whole edition had been mailed and delivered before April 5th—all save a few copies held for stock. The question of the mailability of the number was thus purely academic."

His grievance, as stated in his affidavit, was that, "although practically all of said April number has been distributed, the mere fact that the post office officials have made this order of nonmailability stamps the magazine as an obscene publication, and doubts have arisen as to whether the said order refers only to the April number, or to the magazine in general. The right to transmit later issues of the said magazine through the mails will not restore the confidence to which the complainant is entitled." In an affidavit submitted in opposition, Postmaster Kiely swore that no copy of the April, 1926, issue of the American Mercury had been refused the privileges of the mail, and there was no copy in the post office at New York.

Section 396 of the Revised Statutes (Comp. St. § 582) imposes the duty on the Postmaster General to superintend generally the business of the department and execute all laws relative to the postal service. Postal Laws and Regulations of 1924, section 470, declares as nonmailable matter every obscene, lewd, or lascivious book, pamphlet, picture, paper, letter, writing, print, or other publication of an indecent character and every written or printed card, letter, circular, book, pamphlet, advertisement, or notice of any kind giving information, directly or indirectly, where, or how, or from whom, or by what means any of the hereinbefore mentioned matters, articles, or things may be obtained or made. It forbids conveying through the mails or delivering from any post office by any letter carrier such prohibited literature, and, for a violation of this statute, a penalty is imposed of fine or imprisonment.

Section 474 of the same law requires the postmaster, before giving opinions to the public, to submit the question, with a sample of the proof, to the Solicitor for the Post Office Department for instructions. He, by section 10, paragraph 3, relating to the duties of the Solicitor of the Post Office Department, is charged with the duty of giving opinions to the Postmaster General and the heads of the several departments upon questions of law arising upon and construction of the postal laws and regulations, or otherwise in the course of the postal service, with the consideration of all service relative to the mailability of the alleged indecent and obscene matter. Section 211 of the United States Criminal Code (Comp. St. § 10381) is similar to section 470 of the Postal Laws and Regulations referred to.

[1] We may consider the April, 1926, issue, only, for it alone is forbidden the use of the mails. It appears, from the above quotations from the pleadings and the affidavit of the editor, that such issue has had full use of the mails. The department made its order of prohibition on April 8, 1926, when, according to the appellee's assertion, the whole issue of this edition was mailed and delivered before April 5, 1926. The postmaster in New York City points out, and, indeed, the appellee concedes that every copy mailed was delivered, and, as the editor says, "the question of mailability of the number was thus purely academic." All that may be argued now is that, had additional copies been deposited in the mail by the appellee, the Post Office Department would have refused to accept them. It is not claimed that such deposit will ever be made. It had not when suit was commenced. Under these facts, the motion for temporary injunction should have been denied. U. S. v. American-Asiatic S. S. Co., 242 U. S. 537, 37 S. Ct. 233, 61 L. Ed. 479; U. S. v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft, 239 U. S. 466, 36 S. Ct. 212, 60 L. Ed. 387.

[2, 3] An injunction pendente lite should be granted only where it is made to appear in the moving papers that the absence of such restraining order will cause irreparable injury during the pendency of the action. Such provisional or preventive remedy is given to preserve the status quo, and to prevent further perpetration of acts which might materially endanger the complainant. Usually a temporary injunction contemplates relief where, without it, final relief would be of no avail to the complainant. Louisville & N. R. Co. v. Western Union Telegraph Co. (C. C. A.) 252 F. 29; Love v. Atchison, T. & S. F. R. Co. (C. C. A.) 185 F. 321; Pomeroy, Equity Jurisprudence, § 1685. A rule of law cautions us to proceed with great deliberation where the injunction pendente lite will in effect determine the litigation, and give the party seeking the relief the entire relief which is prayed for in the final decree. Best Foods, Inc., v. Hemphill Packing Co. (D. C.) 295 F. 425; Mackay Tel. & Cable Co. v. City of Texarkana (D. C.) 199 F. 347; Taylor & Co. v. Southern Pac. Co. (C. C.) 122 F. 147.

[4] While the Postmaster General has a duty and the power of determining what is nonmailable (Bates & Guild Co. v. Payne, 194 U. S. 106, 24 S. Ct. 595, 48 L. Ed. 894), and the courts may interfere when he is clearly wrong (American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 S. Ct. 33, 47 L. Ed. 90; Masses Pub. Co. v. Patten [C. C. A.] 246 F. 24, L. R. A. 1918C, 79, Ann. Cas. 1918B, 999), still we should not make a judicial determination as to the correctness of his ruling upon papers which fail to support a claim of irreparable damage which might occur before final hearing. Injunctive relief contemplates future injury— not that which has happened. An action at law affords redress for such injuries. The claim of damage or harm to appellee's business is a matter where the remedy at law is adequate and must be pursued. The application for a temporary injunction pendente lite was improvidently granted.

Order reversed.