**George Washington PIERCE,**
**Appellant,**

v.

**AERONAUTICAL COMMUNICATIONS**
**EQUIPMENT, Inc., Appellee.**

**No. 15440.**

United States Court of Appeals
Fifth Circuit.

June 17, 1955.

Robert H. Rines, David Rines, Boston, Mass., Walter Humkey, Miami, Fla. (Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., Rines & Rines, Boston, Mass., of counsel), for appellant.

Sydney L. Weintraub, Miami, Fla., Dana M. Raymond, Walter H. Free, New York City (Campbell, Brumbaugh, Free & Graves, New York City, of counsel), for appellee.

Before RIVES and CAMERON, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

█ This is an appeal from the denial of a preliminary injunction sought by appellant, plaintiff below, to restrain infringement of some six patents dealing with electrical systems and appurtenances used in oscillator circuits such as radio transmitters and receivers. Appellee (defendant) denied infringement and alleged as affirmative defenses: (1) laches, and (2) the patents in suit are invalid for reasons stated.

Appellant, while insisting it was entitled to have its patents held valid and infringed by appellee, frankly admitted its motive for insisting upon a preliminary injunction was to have this court rule contrary to the First Circuit in American Communications Co., Inc., v. Pierce, 208 F.2d 763, in the hope that the Supreme Court might grant review based upon conflict. Appellant sought the injunction under only one of the six patents, No. 2,133,642, which expires on October 18, 1955, nearly four months after service of the complaint. He alleged the unsuccessful prior litigation in the First Circuit as well as favorable rulings by the Patent Office and the Court of Customs and Patent Appeals when the application for Patent No. 2,133,642 was under consideration and later granted.

The application for the injunction was submitted on the pleadings but there is in the record a certificate by the Clerk of the lower court that "plaintiff's exhibits one and two are the exhibits attached to and

made part of the complaint * * *" in this case. Exhibit No. 1 consists of the other patents alleged upon and Exhibit No. 2 was Patent No. 1,789,496, issued to G. W. Pierce (appellant) on January 20, 1931.

After arguments and brief, Judge Holland ruled orally, denying preliminary injunction. His statement was that plaintiff's counsel was urging him to decide the issues of validity and infringement on the motion for preliminary injunction, which he refused to do, because there were disputed issues of fact and law requiring a trial on the merits. The court concluded:

"Now, then, I think the issues are made here. It is quite true, percentagewise, I can't very well say how many issues are matters of law and how many matters of fact, but meeting the complaint as it is framed, there decidedly are questions of law that are made issues in the case, and there are also questions of fact as to the validity of the patents and as to the question of whether the plaintiff is equitably estopped by reason of the matters that are set forth. So, my answer to that question is I will deny the application to decide this case on its merits in connection with the decision on the application for a preliminary injunction."

Appellant is not entitled to reversal except on a clear showing of irreparable injury amounting to an abuse of discretion. Lawrence v. St. Louis-San Francisco Railway Company, 1927, 274 U.S. 588, 47 S.Ct. 720, 71 L.Ed. 1219; Sims v. Greene, 3 Cir., 161 F.2d 87; American Mercury, Inc., v. Kiely, Postmaster, 2 Cir., 19 F.2d 295; Huber Baking Co. v. Stroehmann Bros. Co., 2 Cir., 208 F.2d 464.

Appellant in his brief says:

"The purpose of filing the motion for preliminary injunction was in the endeavor to conserve the time and the energy of the Court and the parties. Since five of the six patents in suit were issued on the same day, October 18, 1938, they will all expire together, and they constitute, in effect, therefore, but a single patent. The objective of the infringement action with respect to these five patents will be fully attained, therefore, if only one of them is held valid and infringed. It would then become unnecessary to spend several weeks trying the remaining patents.

"The plaintiff believes, furthermore, that the litigation would, in effect, become terminated by a favorable decision on the motion for preliminary injunction alone. Whether or not this would occur would depend upon the interpretation that this Court may place upon the outcome of prior litigation in which were involved the said thirteen claims 51, 52, 54, 55, 56 and 61 to 68, inclusive, of the basic Pierce-oscillator or element patent 2,133,642."

In oral argument his counsel admitted that the main purpose was to protect his licensees, since they would have no right of action themselves. Insofar as appellant is concerned he would have ample remedy for infringement if, contrary to the First Circuit, this court should hold the patent valid.

In American Communications Co., Inc., v. Pierce, supra, on substantially the same facts alleged here, the First Circuit recited the history of appellant's Patent No. 1,789,496, in its relation to Patent No. 2,133,642, and its holding was summarized by the publisher in the statement preceding the syllabus as follows:

"The Court of Appeals, Hartigan, Circuit Judge, held that generic patent No. 2,133,642 for an electrical system and relating particularly to use of a piezo-electric crystal for producing and sustaining at a constant frequency the oscillation of such system, when read specifically on accused combined transmitting and receiving systems, disclosed no invention distinct and separate from that of patent No. 1,789,496, by means of which plaintiff had already

received the full 17 years protection granted by law."

It vacated the summary judgment partially in favor of the appellant, whose relation to the matter was substantially the same as in the present case, and remanded the case with instructions to render judgment for defendant.

We think it reasonably clear therefore that serious issues are involved which should not be decided on an application for a preliminary injunction, and there being no showing of irreparable injury or abuse of discretion by the court below, the denial of the injunction is

Affirmed.