The INSECT–O–LITE COMPANY,
Inc., Appellant,

v.

William C. HAGEMEYER, James C. Noyes, Meredith J. Beirne, Hagemeyer Chemical Co., Inc., Appellees.

No. 12589.

United States Court of Appeals
Sixth Circuit.

Oct. 14, 1955.

not exercised with due regard for applicable principles of equity. Huber Baking Co. v. Stroehmann Bros. Co., 2 Cir., 1953, 208 F.2d 464; Pierce v. Aeronautical Communications Equipment, Inc., 5 Cir., 1955, 223 F.2d 410. Appellant has made no such showing.

While there was evidence which if believed might have justified a conclusion of unfair competition causing irreparable injury, this evidence was unsupported except by affidavits which the court correctly excluded as hearsay. Moreover, this evidence was directly controverted by the appellees, and its credibility was for the district court.

It appears that substantial questions may be involved in the trial of this case on the merits, but the district court, balancing the equities, did not abuse its discretion in concluding that appellant will suffer no irreparable damage in the meantime.

The order of the district court is affirmed.

J. Warren Kinney, Jr., Cincinnati, Ohio, Marion W. Moore, J. J. O'Hara, Covington, Ky., for appellant.

Frank Zugelter, Cincinnati, Ohio, William Ware, William E. Wehrman, Covington, Ky., for appellees.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's denial of a preliminary injunction in appellant's action for trade mark infringement and unfair competition. The motion for an injunction *pendente lite* was addressed to the sound discretion of the district court, and appellant is not entitled to reversal except upon a clear showing that this discretion was

