956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick M. CANNON, Plaintiff-Appellant,
v.
Richard BROWN, U.S.P. Leavenworth Officer, in his individual
capacity and separately in his official capacity; Eddie
Geouge, U.S.P. Leavenworth Disciplinary Hearing Officer, in
his individual capacity and separately in his official
capacity; M. Dickerson, Lt., U.S.P. Leavenworth Reporting
Officer, in his individual capacity and separately in his
official capacity; Kevin Pardo, U.S.P. Leavenworth UDC, in
his individual capacity and separately in his official
capacity; Charles B. Faulkner, North Central B.O.P.
Regional Counsel, in his individual capacity and separately
in his official capacity; James Graham, North Central
B.O.P. BP-10 Grievance Coordinator, in his individual
capacity and separately in his official capacity; James M.
Ralph, B.O.P. Washington National BP-11 Grievance Appeals
Administrator, in his individual capacity and separately in
his official capacity; J. Michael Quinlan, Director of the
Federal Bureau Prisons, in his individual capacity and
separately in his official capacity; Pharm Chem
Incorporated, Urinalysis Test Agent for the B.O.P., in their
individual capacity and separately in their official
capacity, Defendants-Appellees.
 No. 91-3221.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Patrick M. Cannon, a prisoner at U.S.P. Leavenworth, appeals the denial of his application for a preliminary injunction, seeking to enjoin prison officials from continuing to deny him social visits. The denial of social visits was imposed upon Cannon as a sanction, along with the disallowance of 41 days good conduct time and 60 days disciplinary segregation, after a urine sample he gave tested positive for drugs. The sanctions were imposed on following a disciplinary hearing.
 
 
 4
 On April 15, 1991, Cannon filed a multiple count "Bivens" action in the district court challenging every point of the proceedings, from the testing, to the disciplinary hearing process, to the sanctions imposed. His complaint seeks injunctive, mandamus, declaratory, and equitable relief. Among other things, Cannon asserts in his complaint that he has a constitutionally protected liberty interest in family visits which cannot be restricted by sanctions.
 
 
 5
 On June 7, 1991, Cannon filed an "Affidavit in Support of Motion to Show Cause--Preliminary Injunctive Relief". The district court construed the document as one seeking injunctive relief to prevent the variously named prison officials from denying him visitation with his family, and stated: "Having reviewed the pleading, the court finds such relief is not warranted under the facts." R.Vol. I, Order of the District Court, June 11, 1991. We exercise jurisdiction under 28 U.S.C. § 1292(a)(1), and AFFIRM.
 
 
 6
 In order to be entitled to a preliminary injunction, the moving party bears the burden of establishing that (1) the moving party will suffer irreparable injury without the injunction; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, when issued, will not be adverse to the public interest; and (4) there is substantial likelihood that the moving party will eventually prevail on the merits. Blango v. Thornburgh, 942 F.2d 1487, 1492 (10th Cir.1991) (quoting Tri-State Generation & Transmission Ass'n Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir.1986)).
 
 
 7
 As a preliminary injunction is an extraordinary remedy, see GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir.1984), the right to relief must be clear and unequivocal. See Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir.1975); Matzke v. Block, 542 F.Supp. 1107, 1112-13 (D.Kan.1982). See generally 11 C. Wright & A. Miller, Federal Practice and Procedure § 2948, at 428-29 & nn. 19-21 (1973 & Supp.1991) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (footnotes omitted)).
 
 
 8
 SCFC ILC, INC. v. VISA USA, INC., 936 F.2d 1096, 1098 (10th Cir.1991).
 
 
 9
 While it may be a debatable point whether Cannon will be irreparably injured if he is denied visits by his family for a year (or, more precisely, the several months remaining before the expiration of the sanction which was imposed in the spring of last year), we are convinced from our review of the record that Cannon has failed to demonstrate a substantial likelihood that he will prevail on the merits in the underlying action. That is, Cannon has failed to raise questions "so serious, substantial, difficult and doubtful" as to warrant judicial intervention prior to a determination of the suit on its merits. See, e.g., Otero Savings and Loan, 665 F.2d 275, 278 (10th Cir.1981).
 
 
 10
 Accordingly, Cannon's motion for leave to proceed in forma pauperis is GRANTED, and the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3