Lynn HELLEBUST, John R. Craft, Kansas Natural Resource Council, and Common Cause of Kansas, Plaintiffs,

v.

Sam BROWNBACK, in his official capacity as Secretary of the Kansas State Board of Agriculture, and Jay Armstrong, Victor Krainbill, Alvin Epler, Altis Ferree, Thayne Larson, Ralph H. Rindt, F.E. Bliss, Lois Schlickau, Floyd O. Coen, Bob L. Moore, Anne Marie Worley, and Art Howell in their official capacities as members of the Kansas Board of Agriculture, Defendants.

Civ. A. No. 92–2374–JWL.

United States District Court,
D. Kansas.

Jan. 13, 1993.

Donn J. Everett, Everett, Seaton, Miller & Bell, Manhattan, KS, William J. Craven, Lecompton, KS, for plaintiffs.

David D. Plinsky, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on plaintiffs' motion for a preliminary injunction pursuant to Fed.R.Civ.P. 65 (Doc. # 11). For the reasons set forth below, this motion is granted.

The plaintiffs filed a complaint against the Kansas State Board of Agriculture ("Board") on October 9, 1992 alleging that the electoral process used to select the Board violates the Fourteenth Amendment requirement of one person, one vote.[1] The plaintiffs filed a motion for a preliminary injunction on January 8, 1992 and a hearing was held with the plaintiffs and the defendants on January 13, 1992. During the hearing, the court granted a motion to amend the complaint and substitute the defendants listed in the caption, members of the Board, for the Kansas State Board of Agriculture.

The Board holds elections annually in Topeka, Kansas on the second Wednesday of January.[2] K.S.A. § 74-503 (1991 Supp.). Representatives of various agricultural organizations in Kansas send delegates to the annual meeting who in turn elect members of the Board. K.S.A. §§ 74-502, 503 (1991 Supp.). The electoral process does not even approach an equally-weighted voting system representing all residents of Kansas. Over time the role of the Board has

---

1. In their complaint, the plaintiffs have also made a claim that the electoral process of the Kansas State Board of Agriculture violates the Kansas State Constitution because it transgresses separation of powers principles. The plaintiffs have not raised this claim in their motion for a preliminary injunction.

2. The facts will not be fully developed in this order due to its preliminary nature. Most of the facts are not contested and have been taken primarily from the plaintiff's memorandum in support of the motion for preliminary injunction. They are treated as "facts" only for the purposes of this motion and the facts as ultimately established at trial remain to be determined.

evolved to the extent that it regulates a variety of activities in Kansas. The Board is responsible for administrating water rights throughout the state, whether agricultural, residential, or commercial. K.S.A. § 82a–701 *et seq.* The Board is also responsible for the regulation of pesticides which are not only applied to farmland but are also applied to residential lawns. K.S.A. § 2–2438a *et seq.* There are numerous other such duties assigned to the Board by the legislature.

In order to obtain a preliminary injunction, the moving party must establish the following four prerequisites: (1) a substantial likelihood that the moving party will eventually prevail on the merits; (2) the moving party will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued would not be adverse to the public interest. *Seneca–Cayuga Tribe v. State ex rel. Thompson,* 874 F.2d 709, 716 (10th Cir.1989).

■■■ The plaintiffs argue that the process whereby the Board is elected is unconstitutional because it violates the Fourteenth Amendment. This court believes that the plaintiffs have a substantial likelihood of prevailing on the merits of their argument. In the Tenth Circuit, a movant may show a likelihood of success by raising serious questions going to the merits. *Otero Savings and Loan Ass'n,* 665 F.2d 275, 278 (10th Cir.1981). The Fourteenth Amendment assures that "representative government in this country is one of equal representation for equal numbers of people, without regard to race, sex, economic status, or place of residence within a state." *Reynolds v. Sims,* 377 U.S. 533, 560–61, 84 S.Ct. 1362, 1381, 12 L.Ed.2d 506 (1964). In other words, if a governmental body is elected, the one person, one vote principle applies. *Hadley v. Junior College District,* 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970). The Board is an elected body but its electoral process does not ad-

here to the one person, one vote principle.[3] It should be noted that the one person, one vote principle does not apply when a governmental body does not exercise general governmental powers. *See Ball v. James,* 451 U.S. 355, 364, 101 S.Ct. 1811, 1817, 68 L.Ed.2d 150 (1981); *Salyer Land Co. v. Tulare Lake Basin Water Storage Dist.,* 410 U.S. 719, 727–30, 93 S.Ct. 1224, 1229–31, 35 L.Ed.2d 659 (1973). However, the Board's powers, especially its regulatory powers, are *arguably* broader than those found in these cases. Therefore, the court finds that the plaintiffs have a substantial likelihood of prevailing on the merits.

The plaintiffs will suffer irreparable harm unless the injunction is issued. The plaintiffs, as well as all residents of Kansas who are not affiliated with the agricultural organizations which select Board electoral delegates, will be denied their Fourteenth Amendment rights to vote in this election. That harm cannot be undone.

The defendants will suffer injury if the injunction is issued. The electoral delegates are currently gathered in Topeka, Kansas to elect a new Board for next year. These delegates will be inconvenienced if the election does not take place. However, this injury does not outweigh the plaintiff's loss of constitutional rights by being denied the right to vote. It was a consideration in scheduling the hearing on this motion, and is not insignificant in that sense, but, it does not determine the matter here.

The injunction will not be adverse to the public interest. By issuing this injunction, the current Board members and the current Secretary of the Board will continue to serve. The court was not presented with any evidence that such a situation would be harmful to the public. Those individuals appear to be able to continue to discharge the functions of the Board as assigned by the legislature pending the outcome of this matter on the merits. Therefore, the injunction is not adverse to the public interest.

Therefore, the court will exercise this "extraordinary remedy" of granting a pre-

---

**3.** This is not to say that a state government agency cannot have appointed officers. *See*

*Hadley v. Junior College Dist.,* 397 U.S. 50, 58, 90 S.Ct. 791, 796, 25 L.Ed.2d 45 (1970).

liminary injunction. *GTE v. Williams*, 731 F.2d 676, 678 (10th Cir.1984). It does not do so without some trepidation. Federal courts should not lightly enter the arena of a state government's affairs. The court wrestled with this matter considerably before concluding that a preliminary injunction should issue. However, when all is said and done, the only appropriate result here is to grant the relief requested. As an aside, the court would note its hope that the parties and the Kansas Legislature will see fit to address the concerns raised here and that this case may ultimately be rendered moot.

The matter will be scheduled on a fast track to resolve this issue in a more permanent fashion as quickly as practicable. As soon as the case is at issue, the court will hold a scheduling conference to expedite bringing it to a final hearing.

IT IS THEREFORE ORDERED BY THE COURT that the plaintiffs' motion for a preliminary injunction (Doc. # 11) is granted.

IT IS FURTHER ORDERED BY THE COURT that the defendants and defendants' officers, agents, servants, employees and attorneys, and all persons in active concert and participation with the defendants are enjoined from conducting the elections required by K.S.A. § 74–503, scheduled to be held January 13, 1993, to elect the members of the Kansas State Board of Agriculture, and any of its officers, including the Secretary of the State Board of Agriculture.

IT IS FURTHER ORDERED BY THE COURT that this preliminary injunction shall remain in effect and apply to any subsequent elections of the Kansas State Board of Agriculture until such time as this case is finally adjudged on the merits or this court issues an order to amend or rescind this order.

IT IS SO ORDERED.