**Walter Lee WILSON, Petitioner,**

v.

**Louis E. BRUCE, et al., Respondents.**

**No. 92–3269–DES.**

United States District Court,
D. Kansas.

March 26, 1993.

Walter Lee Wilson, pro se.

Melanie S. Jack, Kansas Bureau of Investigation, Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on petitioner's motions for: an Extension of Time in which to file his Traverse (Doc. 17); a Declaratory Judgment (Doc. 18); a Temporary Restraining Order and/or Preliminary Injunction (Doc. 19).

Having reviewed the pleadings, the court makes the following findings and order.

Petitioner's Motion for an Extension of Time to file is Traverse is warranted and, hereby, granted.

■ Petitioner's Motion for Declaratory Judgment seeks an order from this court directing prison officials to allow petitioner and a "prisoner paralegal" to utilize the law library together. Petitioner has presented no evidence that he has been unreasonably denied access to the library. Petitioner's Exhibit "A" which purportedly shows his denial of access to the library is not included in the pleadings. In fact, Exhibit "B" which petitioner did include in the pleadings indicated prison officials were amenable to allowing petitioner and his "prisoner paralegal" access to the library together. Meaningful access to the courts is not denied merely by inconvenient or reasonably restrictive access to the law library. *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir.1987). Petitioner has made no showing that his constitutional right of access to the courts has been violated. Petitioner's motion for declaratory judgment is therefore denied.

■ Finally, petitioner seeks a Temporary Restraining Order and/or a Preliminary Injunction directing the Lansing Correctional Facility to cease and desist its unreasonable time limits on use of the library by the "prisoner paralegal" who is assisting petitioner in this case.

■ In order to establish that he is entitled to preliminary injunctive relief, petitioner must show: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of the injunction; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). A preliminary injunction is an extraordinary remedy; therefore the right to relief must be clear and unequivocal. *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir.1984). *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir.1975).

Petitioner has made no showing that his right to relief is clear and unequivocal and his motion is hereby denied.

IT IS THEREFORE BY THE COURT ORDERED that petitioner's Motion for Extension Time to file his Traverse is granted until April 26, 1993.

IT IS FURTHER ORDERED that petitioner's Motion for Declaratory Relief is denied.

IT IS FURTHER ORDERED that petitioner's Motion for a Temporary Restraining Order and/or Preliminary Injunction is denied.