Howard D. HAMLYN, on his own behalf and on behalf of all those similarly situated, Plaintiff,

v.

ROCK ISLAND COUNTY METROPOLITAN MASS TRANSIT DISTRICT, and Loren A. Dussliere, Cecil L. Hickman, Robert E. Jensen, Laurence W. Lorensen, and John R. Hunt, in their individual capacities, Defendants.

No. 97–4015.

United States District Court, C.D. Illinois.

March 21, 1997.

Harvey Grossman, Roger A. Leishman, Roger Baldwin Foundation of ACLU, Inc., Chicago, IL, for plaintiff.

Bernard C. Gillman, Gillman Konecky & Norman, Rock Island, IL, for defendant Rock Island County Metropolitan Mass Transit District.

## *ORDER*

McDADE, District Judge.

Before the Court is Plaintiff's Motion For Preliminary Injunction [Doc. # 3]. For the following reasons, the motion is tentatively denied without the need for an evidentiary hearing.

## *BACKGROUND*

On February 20, 1997, Plaintiff Howard D. Hamlyn ("Hamlyn") filed a Complaint on his own behalf and on behalf of all those similarly situated alleging that Defendants had violated the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment by excluding persons with AIDS from its Metro Link Reduced Fare Program. This program entitles eligible recipients to pay a reduced fare on Metro Link buses. The application form explicitly states: "WHO DOES NOT QUALIFY: [ ] Applicants whose sole disability is [ ] AIDS." Once again, on the physician statement portion of the form, it states, "Applicants do not qualify if their sole disability is [ ] AIDS."

Accompanying the Complaint is a motion for preliminary injunction. Attached to this motion is Hamlyn's affidavit in which he states in relevant part:

2. I have AIDS.

4. My AIDS disability causes me to have limited financial means.

6. I desire to participate in Metro Link's Reduced Fare Program in order to participate more fully in social, family, and community activities.

16. I suffered and continue to suffer emotional distress as a result of my exclusion from the Reduced Fare Program.

17. I have been prevented and continue to be prevented from participating in

social and recreational activities as a result of my exclusion from the Reduced Fare Program.

### ANALYSIS

■ In order to obtain a preliminary injunction, the movant must show: (1) that the case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that the movant will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313–14 (7th Cir.1994). Only if these three conditions are met must the Court proceed to balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently. *Id.* at 314. In addition, the court must consider the public interest in its decision. *Id.*

■ As presently reflected by the record before the Court, Plaintiff has failed to establish that he has no adequate remedy at law or that he will suffer irreparable harm if the injunction is not granted. The rule is clear: monetary loss does not constitute an irreparable injury because a successful plaintiff can be adequately compensated at the conclusion of the litigation. *Classic Components Supply, Inc. v. Mitsubishi Elec. Am., Inc.*, 841 F.2d 163, 164–65 (7th Cir.1988); *Chicago Typographical Union, No. 16 v. Chicago Newspaper Publishers' Assoc.*, 620 F.2d 602, 604 (7th Cir.1980).

■ There are four possible exceptions to this rule: (1) the plaintiff is so poor that he would be harmed in the interim by the loss of the monetary benefits; (2) the plaintiff would be unable to finance his lawsuit without the money he wishes to recover; (3) the damages would be unobtainable from the defendant because it will be insolvent prior to the final judgment; and (4) the nature of the plaintiff's loss may make damages very difficult to calculate. *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir.1994); *Moore v. Miller*, 579 F.Supp. 1188, 1191 (N.D.Ill.1983).

■ On the present record, the Court fails to see how any of these exceptions apply here. There is no indication that Defendants will be insolvent, that Plaintiff wishes to use the money to finance his lawsuit, or that Plaintiff's monetary losses would be any more difficult to calculate later rather than now. As to the exception for claims of poverty, Plaintiff states in his affidavit that his AIDS disability has caused him "to have limited financial means" and continues to prevent him "from participating in social and recreational activities as a result of [his] exclusion from the Reduced Fare Program."

However, such statements are vague. Plaintiff does not expressly state that he is so poor that being deprived of a reduced fare bus pass actually prevents him from using the bus as much as he otherwise would use it. To show this, Plaintiff would have to submit proof of the following:

(1) The number of times per week or month that he would use the bus if he had received a reduced fare pass;

(2) The amount of money saved on each bus trip by use of such a pass;

(3) Plaintiff's income and worth (i.e. savings, checking) for the relevant period of time; and

(4) Plaintiff's expenses for the relevant period of time.

Only if these items conclusively show that Plaintiff is so poor that he would be denied equal access to the Metro Link bus line would irreparable harm be shown here.[1]

■ Plaintiff attempts to avoid making this showing by asserting that the violation of his constitutional rights is alone sufficient to prove irreparable harm and the inadequacy of a remedy at law. This statement is overbroad in that it must be tempered by the general rule that monetary injury is not a sufficient basis for injunctive relief. *See Back v. Carter*, 933 F.Supp. 738, 754 (N.D.Ind.1996) ("When violations of constitutional rights are alleged, further showing of irreparable injury may not be required *if what is at stake is not monetary damages*")

---

**1.** Even if such a showing could be made out for Plaintiff, it does not mean that preliminary injunctive relief on behalf of the entire *class* would be appropriate here. An individual showing of poverty would have to be made by each class member requesting such relief.

(emphasis added); *Milwaukee County Pavers Ass'n v. Fiedler*, 707 F.Supp. 1016, 1031–32 (W.D.Wis.1989) ("Where violations of constitutional rights are alleged, further showing of irreparable injury may not be required *if more than money is at stake*") (emphasis added); *Kennedy–Kartheiser v. Board of Educ. of City of Chicago*, 1987 WL 17164, at *1 (N.D.Ill. Sept. 11, 1987); *see also Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir.1989) ("Constitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction.").[2]

■ The case law is replete with examples of courts finding no irreparable harm despite the allegation of a constitutional violation where the only remedy would be monetary in nature. For instance, in a procedural due process action, there is no harm where the injury is ultimately redressable through monetary compensation. *See Sampson v. Murray*, 415 U.S. 61, 89–92, 94 S.Ct. 937, 952–54, 39 L.Ed.2d 166 (1974); *Wisconsin Central Ltd. v. Public Service Commission*, 95 F.3d 1359, 1369–70 (7th Cir.1996); *Cunningham v. Adams*, 808 F.2d 815, 822 (11th Cir.1987); *Roberts v. Van Buren Public Sch.*, 731 F.2d 523, 526 (8th Cir.1984); *Ciechon v. City of Chicago*, 634 F.2d 1055, 1057 (7th Cir.1980); *Kennedy–Kartheiser*, 1987 WL 17164, at *1.[3] Likewise, the Seventh Circuit has held that no irreparable harm existed in a First Amendment retaliation action where the only injury would be the plaintiff's expense of defending against the suit. *Smart v. Board of Trustees of Univ. of Illinois*, 34 F.3d 432, 435 (7th Cir.1994).

In contrast, those cases which have held that a constitutional wrong constitutes an irreparable injury involve some continuing or future injury which cannot be compensated by monetary damages alone. Examples include a First Amendment claim that one's speech is presently being chilled, *Elrod v.*

*Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689–90, 49 L.Ed.2d 547 (1976); *National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1013 (7th Cir.1990); *Schnell v. City of Chicago*, 407 F.2d 1084, 1086 (7th Cir.1969), a Due Process or Eighth Amendment allegation concerning a continued threat to a prisoner's health or safety, *Preston v. Thompson*, 589 F.2d 300, 302–03 & n. 3 (7th Cir.1978); *Jolly v. Coughlin*, 894 F.Supp. 734, 740 (S.D.N.Y.1995), *aff'd*, 76 F.3d 468, 482 (2d Cir.1996); *Young v. Ballis*, 762 F.Supp. 823, 827 (S.D.Ind.1990), the loss of fundamental rights which must be exercised within a certain period of time, such as the right to vote or to have an abortion, *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir.1981); *Doe v. Mundy*, 514 F.2d 1179, 1183 (7th Cir.1975); *Auerbach v. Kinley*, 499 F.Supp. 1329, 1340–41 (N.D.N.Y.1980), a claim that one will be subjected to an unlawful search and seizure under the Fourth Amendment, *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir.1983); *Bannister v. Board of County Comm'n of Leavenworth County, Kansas*, 829 F.Supp. 1249, 1252 (D.Kan.1993), and an unconstitutional taking of property (on the basis that property is always "unique"). *United Church of the Medical Ctr. v. Medical Center Comm'n*, 689 F.2d 693, 701 (7th Cir.1982).[4]

More pertinent to the instant case, a number of courts have held that equal protection claims under the Fourteenth Amendment create irreparable injury. However, those cases either involve some harm greater than mere monetary loss or involve a situation in which the amount of the loss cannot easily be ascertained. Thus, in *Henry v. Greenville Airport Comm'n*, 284 F.2d 631, 632 (4th Cir. 1960), the court ordered a preliminary injunction where African–American passengers were being required to stay in a separate

---

2. Pursuant to Rule 10.7 of the Sixteenth Edition of The Bluebook (1996), the Court shall omit from its citations denials of *certiorari* "unless the decision is less than two years old or the denial is particularly relevant."

3. While not a constitutional claim, the Seventh Circuit has reached the same conclusion in an ADEA case. *See EEOC v. City of Janesville*, 630 F.2d 1254, 1259 (7th Cir.1980).

4. *But see ACS Enterprises, Inc. v. Comcast Cablevision of Philadelphia, L.P.*, 857 F.Supp. 1105, 1111–12 (E.D.Pa.1994) (holding that a taking traditionally results in monetary compensation, thus negating any claim of irreparable injury), *aff'd*, 60 F.3d 813 (3d Cir.1995) (unpublished disposition).

waiting room than other passengers. Unlike in the instant case, the plaintiffs in *Henry* could not simply pay a slightly increased fare to have equal access; they were barred from the other waiting room regardless of their financial statute.

In *Adams v. Baker*, 919 F.Supp. 1496, 1504–05 (D.Kan.1996), the plaintiff was denied equal access to compete on the school wrestling squad. The court found that her missed opportunities to "compete, practice and learn the sport of wrestling [ ] would cause her to fall behind in her development as an athlete and would quite probably, as a practical matter, prevent her from being able to compete in the future." *Id.* No such developmental concern is at issue in the instant case.

In *Back*, the plaintiff was removed from a voluntary nonpaid position; thus, it would have been difficult to assign a monetary value to his injury. 933 F.Supp. at 754. Similarly, in *Harrison and Burrowes Bridge Constr., Inc. v. Cuomo*, 743 F.Supp. 977, 996–97 (N.D.N.Y.1990), monetary compensation would most likely not have been available because of the defendants' claims of qualified immunity.

Lastly, in *Milwaukee County Pavers Ass'n*, the court initially noted that plaintiff's equal protection claim warranted a finding of irreparable harm "irrespective of the financial impact." 707 F.Supp. at 1032. However, this holding was premised on the fact that the plaintiffs had not requested any monetary relief in their complaint. *Id.* The court ultimately found that monetary relief might be available in the suit and rested its finding of irreparable harm on the fact that monetary damages would be difficult to calculate if a preliminary injunction did not issue. *Id.* at 1032–33. Thus, under either of the court's alternative holdings, monetary damages were presumed not to be readily available at the end of the litigation.

In contrast to these last three cases, Hamlyn has failed to make a threshold showing that the denial of his preliminary injunction motion will cause him to suffer some injury other than a readily quantifiable monetary loss. If he can make such a good faith threshold showing within fourteen (14) days,

the Court will consider holding an evidentiary hearing on the matter. Even if he cannot do so, however, the Court sees little need for discovery in this case and believes that the legal issues can be resolved fairly quickly at the summary judgment stage.

### CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion For Preliminary Injunction [Doc. # 3] is **DENIED** at this time.

IT IS FURTHER ORDERED that Plaintiff is given leave to file supplementary materials within fourteen (14) days of the date of service of this Order in order to show that monetary damages awarded at the end of this litigation would not fully compensate him for his alleged injuries.

