GARRISON, WARDEN, ET AL. *v.* HUDSON

No. A–1061 (83–2144).   Decided July 6, 1984

CHIEF JUSTICE BURGER, Circuit Justice.

On June 29, 1984, applicants, the Warden and Attorney General of the State of North Carolina, filed a petition for writ of certiorari to review the judgment of the United States Court of Appeals for the Fourth Circuit.   In respondent's second federal appeal concerning his murder conviction and life sentence, the Court of Appeals reversed the decision of the United States District Court for the Western District of North Carolina and directed that a writ of habeas corpus issue to release respondent from confinement if applicants fail to retry him within a reasonable time.   Judgment order reported at 732 F. 2d 150 (1984).   The District Court then ordered retrial prior to August 18, 1984.   Applicants challenge the Court of Appeals' decision in their certiorari petition, No. 83–2144, and seek to stay the scheduled retrial until this Court acts on the petition for certiorari.   Hudson filed a response to the application earlier today asserting that the decision of the Court of Appeals is correct.

1301

The petition for certiorari would not in the normal course be acted on by this Court before the start of the October 1984 Term—some six weeks after the scheduled retrial. See this Court's Rule 22.4. Retrial of respondent by August 18, 1984, prior to the "first Monday in October" would effectively deprive this Court of jurisdiction to consider the petition for writ of certiorari. Applicants assert that their right to a review of the holding of the Court of Appeals will be extinguished if they are compelled to retry respondent on or about August 18. When, as in this case, "the normal course of appellate review might otherwise cause the case to become moot," *In re Bart*, 82 S. Ct. 675, 676, 7 L. Ed. 2d 767, 768 (1962) (Warren, C. J., in chambers), issuance of a stay is warranted. The balance of harm favors applicants; foreclosure of certiorari review by this Court would impose irreparable harm upon applicants. In contrast, a 6-week delay of the scheduled retrial would not impose an unreasonable delay on respondent who has remained in confinement under a life sentence since 1977.

I therefore grant the application for a stay of the order of the United States District Court for the Western District of North Carolina, pending disposition of the petition for writ of certiorari in No. 83–2144.

*It is so ordered.*