ARANETA ET AL. *v.* UNITED STATES

■■■■■■■■■■■

No. A–18.   Decided July 19, 1986

CHIEF JUSTICE BURGER, Circuit Justice.

Applicants, a daughter and son-in-law of former President Ferdinand Marcos, ask that I stay a contempt order of the United States District Court for the Eastern District of Virginia requiring their incarceration if they fail to testify before a grand jury on July 22. They contend that requiring them to so testify would violate their Fifth Amendment privilege against self-incrimination because their testimony might be used against them in related criminal proceedings currently pending in the Philippines. They assert they will file a petition for certiorari on this issue.

Soon after their arrival in the United States, applicants were served with subpoenas requiring their testimony before a grand jury sitting in the Eastern District of Virginia to investigate alleged corruption relating to arms contracts made with the Government of the Philippines. The District Court denied the applicants' motion to quash the subpoenas on Fifth Amendment grounds, and granted instead the Government's motion to give the applicants use and derivative use immunity as to prosecutions in the United States. The court also entered a restrictive order designed to protect the secrecy of their testimony and held that no constitutional question was presented because the applicants had not demonstrated a real and substantial danger of prosecution abroad.

The Court of Appeals affirmed, 794 F. 2d 920 (1986), but on different grounds. It acknowledged that applicants faced a substantial possibility of prosecution in the Philippines. It also found the District Court's restrictive order insufficient to protect against disclosures to the Philippine Government because, *inter alia*, the order itself contemplates permitting disclosure of applicants' testimony at a future date, and because the order does not prohibit the United States from revealing evidence derived from that testimony. The court therefore reached the constitutional question, and held that the Fifth Amendment privilege is not violated simply because

compelled testimony might be used in a foreign prosecution. The court denied rehearing on July 3.

The requirements for obtaining a stay pending certiorari are well established. Such a stay should be granted only when (1) there is a reasonable probability that four Justices will vote to grant certiorari; (2) there is a fair prospect that a majority of the Justices will find the decision below erroneous; and (3) a balancing of the equities weighs in the applicant's favor. See, e. g., National Collegiate Athletic Assn. v. Board of Regents, 463 U. S. 1311, 1313 (1983) (WHITE, J., in chambers); Gregory-Portland Independent School District v. United States, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers); Rostker v. Goldberg, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers). In assessing whether each of these factors has been met, a Circuit Justice acts as a "surrogate for the entire Court." Holtzman v. Schlesinger, 414 U. S. 1304, 1313 (1973) (MARSHALL, J., in chambers).

As to the first requirement, I conclude that four Justices will likely vote to grant certiorari on the issue that presumably will be presented in the applicants' petition, namely, whether the privilege against self-incrimination protects a witness from being compelled to give testimony that may later be used against him in a foreign prosecution. Substantial confusion exists on this issue.* Moreover, this Court voted to consider the question in Zicarelli v. New Jersey State Comm'n of Investigation, 406 U. S. 472, 478 (1972), but did not reach it because, in the view of the majority, the appellant there "was never in real danger of being compelled to disclose information that might incriminate him under foreign

---

*Compare Mishima v. United States, 507 F. Supp. 131, 135 (Alaska 1981); United States v. Trucis, 89 F. R. D. 671, 673 (ED Pa. 1981); and In re Cardassi, 351 F. Supp. 1080, 1085–1086 (Conn. 1972), with In re Parker, 411 F. 2d 1067, 1070 (CA10 1969), vacated and remanded, 397 U. S. 96 (1970); and Phoenix Assurance Co. of Canada v. Runck, 317 N. W. 2d 402, 413 (N.D.), cert. denied, 459 U. S. 862 (1982).

law," *id.*, at 480. We did, however, reserve the issue, observing that if the appellant should later be questioned about "matters that might incriminate him under foreign law and pose a substantial risk of foreign prosecution, . . . then a constitutional question will be squarely presented." *Id.*, at 481.

Against this background, it is more likely than not that at least five Justices will agree with the Court of Appeals that the applicants face the kind of risk found lacking in *Zicarelli*, and will therefore reach and decide the question reserved in that case. And although such matters cannot be predicted with certainty, I conclude there is a "fair prospect" that a majority of this Court will decide the issue in favor of the applicants. *Murphy* v. *Waterfront Comm'n of New York Harbor*, 378 U. S. 52 (1964), contains dictum which, carried to its logical conclusion, would support such an outcome. That case held only that the privilege against self-incrimination protects a witness against compelled disclosures in state court which could be used against him in federal court or vice versa. However, the Court also discussed with apparent approval several English cases holding that the privilege protects a witness from disclosures which could be used against him in a foreign prosecution. See *id.*, at 58–63, 77; *United States* v. *McRae*, 3 L. R. 79 (Ch. App. 1867); *Brownsword* v. *Edwards*, 2 Ves. sen. 244, 28 Eng. Rep. 157 (Ex. 1750–1); *East India Co.* v. *Campbell*, 1 Ves. sen. 246, 27 Eng. Rep. 1010 (Ex. 1749).

Finally, I conclude that the equities weigh in applicants' favor, particularly if the stay is appropriately conditioned. Applicants clearly will suffer irreparable injury if the Court of Appeals is right about the likelihood of prosecution and the inability of the District Court's restrictive order to prevent disclosure. Cf. *Garrison* v. *Hudson*, 468 U. S. 1301, 1302 (1984). If that secrecy order is enforceable under all circumstances, it may afford applicants protection should they later be extradited for trial in the Philippines; however, that will

depend, in part, on what protection is afforded to accused persons under Philippine law.

The Government and the public plainly have a strong interest in moving forward expeditiously with a grand jury investigation, but on balance the risk of injury to the applicants could well be irreparable and the injury to the Government will likely be no more than the inconvenience of delay. Accordingly, I grant the stay, conditioned upon applicants' filing their petition for certiorari by August 5, 1986. This should permit the Court to act on the petition during its first conference of the coming Term.