**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROMAN PETE WANSING,

  Petitioner - Appellant,

v.

STEVE HARGETT, Warden; STATE
OF OKLAHOMA,

  Respondents - Appellees.

Nos. 04-7016, 04-7018
(D.C. No. CIV 99-645-P)
(E.D. Okla.)

**ORDER**

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

  In 2003, we granted Petitioner Roman Pete Wansing relief pursuant to a

habeas petition, remanding his case to the district court "with instructions to enter

judgment granting Mr. Wansing's petition for writ of habeas corpus unless the

state retries him within a reasonable time to be determined by the district court."

Wansing v. Hargett, 341 F.3d 1207, 1215 (10th Cir.), cert. denied 124 S. Ct. 960

(2003).  In these appeals, Petitioner challenges two orders related to that decision.

The first is the district court's order, issued in response to our remand, directing

Petitioner's release or retrial.  The second is the district court's order denying

Petitioner's motion to "expedite his release"—a motion that Petitioner filed after

we remanded the case to the district court but before the district court ordered Petitioner's release or retrial.

Before addressing the issues in this appeal, we must clarify the relevant procedural history of this case since the time of our 2003 judgment, for that history plays a key role in our analysis. Eight events are particularly important:

1. On August 29, 2003, we issued our judgment.

2. On October 6, 2003, Petitioner filed a motion to expedite his release with the district court.

3. On October 10, 2003, the district court received a certified copy of our August 29 judgment and a copy of our opinion.

4. On December 10, 2003, in response to our remand, the district court issued an order stating that "petitioner's habeas corpus petition is granted, unless the state court retries him within 120 days of this order."

5. Also on December 10, 2003, the district court overruled Petitioner's motion to expedite his release.

6. On December 18, 2003, Petitioner gave notice of his intent to appeal the district court's order granting his habeas petition unless the state court were to retry him within 120 days.

7. On or around December 18, 2003, Petitioner gave notice of his intent to appeal the district court's order overruling his motion to expedite his release.

8. From March 29, 2004 through April 1, 2004, Petitioner was re-tried and re-convicted in Oklahoma state court. According to Petitioner, he was re-sentenced on April 19, 2004.

On appeal, Petitioner, appearing <u>pro se</u> and <u>in forma pauperis</u>,[1] argues that:

1. The delay between our August 29 judgment and the district court's December 10 order directing Petitioner's retrial was improper and prejudicial.

2. The State of Oklahoma should not have been given 120 days in which to attempt to effect a retrial.

3. The 120-day period should have begun on the date of our judgment, rather than on the date of the district court's order.

4. He should have been released from custody pending the State of Oklahoma's decision whether or not to retry him.

5. The retrial violates the Double Jeopardy Clause of the U.S. Constitution, the doctrine of collateral estoppel, and the Oklahoma constitution.

6. The State of Oklahoma failed to retry him within 120 days, since Petitioner was not re-sentenced until nine days after that period had expired.

7. For a host of reasons, the proceedings during and surrounding his re-trial in Oklahoma state court were constitutionally flawed.

In its December 10 orders, the district court did not address whether Petitioner should be granted a certificate of appealability ("COA"). Consequently, we treat this appeal as though the district court denied Petitioner a COA. To obtain a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). This is accomplished by establishing that "reasonable jurists could debate whether (or,

---

[1]Based on our review of Defendant's financial declarations, we grant his motion to proceed <u>in forma pauperis</u> on appeal. <u>See</u> 28 U.S.C. § 1915(a)(1) (2000).

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted). For the following reasons, Petitioner has failed to make such a showing, and we therefore **DENY** Petitioner's request for a COA and **DISMISS** this appeal.

Our analysis of Petitioner's first claim—that the delay between our August 29 judgment and the district court's December 10 order directing Petitioner's trial was improper and prejudicial—proceeds in two phases. The first phase focuses on the transmittal of our judgment to the district court; the second, on the district court's actions after receiving our judgment.

To the extent that any delay in the district court's order may have been caused by a delay in transmitting our judgment to the district court, we note that we have acknowledged that delay in the processing or resolution of an appeal may rise to the level of a due process violation. Harris v. Champion, 15 F.3d 1538, 1558 (10th Cir. 1994) (addressing delays largely attributed to the state public defender's office). However, the degree of delay in the case at bar—slightly more than one month, from August 29 until approximately October 10—is not on par with those delays that we have found to be constitutionally suspect. Cf. id. at

1560 (establishing that "a two-year delay in finally adjudicating a direct criminal appeal ordinarily will give rise to a presumption of inordinate delay").

To the extent that any delay in the date of the district court's order may have been caused by the district court itself, we note that delays comparable to and far longer than the approximately two months[2] at issue in this case have been deemed acceptable by the Supreme Court and other circuit courts. See, e.g., Garrison v. Hudson, 468 U.S. 1301, 1302 (1984) ("[A] 6-week delay of the scheduled retrial would not impose an unreasonable delay on respondent who has remained in confinement under a life sentence" for approximately seven years.); Knox v. Johnson, 224 F.3d 470, 475 (5th Cir. 2000) (upholding, without directly addressing, a ten- to eleven-month delay at the district court level in a case analogous to the one at bar). We do not go so far as to embrace explicitly the Fifth Circuit's tolerance for a ten- to eleven-month delay between the date of an appellate judgment and the date of a district court order on remand, but merely hold that the delay in this case was not unreasonable.

With respect to Petitioner's second claim, it is clear that the district court did not err in granting the State of Oklahoma 120 days to effect a retrial. Allowing 120 days for a retrial is a common practice. See, e.g., Holloway v.

---

[2]This delay lasted from approximately October 10, 2003 until December 10, 2003.

Horn, 355 F.3d 707, 730 (3d Cir.), cert. denied No. 04-101, 2004 WL 2069420 (U.S. Nov. 1, 2004); Soffar v. Dretke, 368 F.3d 441, 480 (5th Cir. 2004); Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir. 1993). Thus, it is clear that the district court's decision to set such a period does not arise to the level of a "denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

With respect to Petitioner's third claim, there is no reason that the 120-day period should have begun with the issuing of our judgment. Our judgment did not set a 120-day limit, but allowed the district court to determine a reasonable time limit for the State of Oklahoma to retry Petitioner, if the state were to choose to do so. Wansing, 341 F.3d at 1215. The district court order did not explicitly set our judgment as the beginning point for the measurement of the 120-day period.

Petitioner's fourth claim—that he should have been released pending the State of Oklahoma's decision whether or not to retry him—is utterly without merit. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.' In construing § 2243 and its predecessors, [the Supreme Court] has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." Hilton v. Braunskill, 481 U.S. 770, 775 (1987)

- 6 -

Petitioner's fifth and sixth claims are not properly before us.[3] Petitioner appeals, inter alia, from the district court's December 10 order stating that "petitioner's habeas corpus petition is granted, unless the state court retries him within 120 days of this order." To the extent that Petitioner's retrial may have raised double jeopardy concerns, those concerns are not implicated by the December 10 order, which merely gave the State of Oklahoma the option of retrying Petitioner if it chose to do so. Jeopardy attaches when the jury is empaneled and sworn, Crist v. Bretz, 437 U.S. 28, 29 (1978), so double jeopardy concerns are not implicated as a result of the district court's order merely giving the State of Oklahoma the *option* of empaneling and swearing a jury. To the extent that Petitioner's retrial may have raised double jeopardy concerns under the Constitution, or analogous concerns under the constitution or laws of the state of Oklahoma, Petitioner must raise those concerns by first exhausting his state court remedies, then filing a new § 2254 petition. To the extent that Petitioner's retrial may have taken place more than 120 days after the district court's December 10 order, Petitioner should first raise those concerns with the district court.

---

[3]Thus, while we deny Petitioner's request for a COA and dismiss his appeal with respect to these claims, we do so without prejudice.

Like his fifth and sixth claims, Petitioner's seventh claim also is not properly before us.[4] That claim relates to events that occurred after Petitioner raised this appeal. Therefore, Petitioner must first exhaust his state remedies, then file a new § 2254 petition, in order to raise this claim.[5]

Thus, we **DENY** Petitioner's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4]Therefore, as we did with Petitioner's fifth and sixth claims, while we deny Petitioner's request for a COA and dismiss his appeal with respect to this claim, we do so without prejudice.

[5]For the same reasons, we also **DENY** Petitioner's "Motion for Summary Judgment," which we treat as a motion to vacate his state court conviction after retrial.