FILED
United States Court of Appeals
Tenth Circuit

June 23, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

CHASE CARMEN HUNTER,

Plaintiff - Appellant,

v.

TOM HIRSIG, individually and in his official capacities as Commissioner of Insurance for Wyoming and as Director, Executive Board of the National Association of Insurance Commissioners,

Defendant - Appellee.

No. 14-8053
(D.C. No. 2:14-CV-00089-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

[*]      After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Chase Carmen Hunter appears pro se[1] and *in forma pauperis* ("IFP")[2] to challenge the district court's denial of her motion for injunctive relief. Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we **affirm** the district court.

## I

Ms. Hunter is a resident of Virginia and a licensed insurance agent in several states, including Wyoming. In May 2014, after the Wyoming Department of Insurance ("WDOI") commenced an action to revoke her Wyoming insurance license, Ms. Hunter filed a lawsuit in the United States District Court for the District of Wyoming. She sought to impose liability on Tom Hirsig, both individually and in his official capacity as the WDOI Commissioner,[3] bringing eighteen claims wherein she accused Mr. Hirsig of various crimes (mail fraud, racketeering, unlawful restraint of trade, and false statements in interstate

---

[1]    Because Ms. Hunter appears pro se, we afford her filings a liberal construction. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2]    Pursuant to Federal Rule of Appellate Procedure 24(a)(3), the district court's grant of IFP status carries over to this appeal. *See Brown v. Eppler*, 725 F.3d 1221, 1229 (10th Cir. 2013).

[3]    Ms. Hunter named several other parties as defendants—namely, the National Association of Insurance Commissioners and directors of other states' insurance commissions. The district court properly noted that, "[t]o the extent Plaintiff [wa]s seeking any action against these people and organizations, [it] d[id] not have jurisdiction over them." R. at 145 (Order Den. Mot. for TRO, filed July 14, 2014).

commerce) and alleged without explication that her "human rights" and civil rights had been violated.  R. at 88–96 (Second Am. Compl., filed June 12, 2014).

On June 19, 2014, Ms. Hunter filed a motion seeking a temporary restraining order ("TRO") or, alternatively, a preliminary injunction.  In essence, she argued that injunctive relief was necessary because (1) Mr. Hirsig and a host of other entities were conspiring to "furnish[ ] . . . inaccurate information" about her to credit-reporting agencies, *id.* at 102 (Mot. for TRO, filed June 19, 2014); (2) Mr. Hirsig had refused to remove the information about her upon her request; (3) this purportedly inaccurate information had formed the basis of WDOI's administrative (i.e., licensing) action against her; and (4) Mr. Hirsig's alleged conduct was damaging her "excellent reputation," *id.* at 128.  Ms. Hunter asked the district court to enter a ruling ordering Mr. Hirsig to cease the administrative effort to revoke her Wyoming insurance license.

The district court denied Ms. Hunter's motion.  In doing so, the court collapsed Ms. Hunter's TRO and preliminary-injunction requests into one request—that is, a request for a preliminary injunction.  *See id.* at 145 ("A party seeking a temporary restraining order and preliminary injunction must prove all four of the equitable factors weigh in Plaintiff's favor . . . .").  Its ruling was predicated on a finding that Ms. Hunter had failed to establish irreparable harm.

3

This timely appeal followed.[4]

## II

## A

An order denying a TRO is generally not appealable. *See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303–04 (1985); *Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (per curiam). However, the order Ms. Hunter challenges *is* immediately appealable because it "had the same 'practical effect'" of denying a preliminary injunction. *United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)); *see Populist Party*, 746 F.2d at 661 n.2 (noting that such an order is appealable if it "in reality operates as [the denial of] a preliminary injunction" (quoting *Levesque v. Maine*, 587 F.2d 78, 79 (1st Cir. 1978))). Indeed, the district court explicitly concluded that Ms. Hunter was "not entitled to a . . . preliminary injunction," R. at 147, thus enabling our appellate review of the matter.

"Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003); *see Gen. Motors Corp. v. Urban Gorilla, LLC*,

---

[4]     Ms. Hunter concludes her opening brief with a request for the appointment of counsel on appeal. Because of our ultimate affirmance of the district court, insofar as we consider this request a motion for appellate counsel, we **deny** it as moot.

500 F.3d 1222, 1226 (10th Cir. 2007) (noting that the grant of a preliminary injunction is "the exception rather than the rule" (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984))). We review the district court's denial of a preliminary injunction for an abuse of discretion. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Under this deferential standard, we will find an abuse of discretion "only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1223–24 (10th Cir. 2008) (quoting *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065 (10th Cir. 2001)); *accord Wyoming v. U.S. Dep't of Agric.*, 661 F.3d 1209, 1227 (10th Cir. 2011).

**B**

As the movant seeking a preliminary injunction, Ms. Hunter must "demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that [she] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We have said that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely

5

before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (alteration in original) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). The district court limited its analysis to this factor—concluding that Ms. Hunter failed to show that she would suffer irreparable harm absent an injunction—and so do we.

Establishing irreparable harm is "not an easy burden to fulfill." *Greater Yellowstone Coal.*, 321 F.3d at 1258. Although we have said that the term "irreparable harm" "does not readily lend itself to definition," *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quoting *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)), our caselaw provides some guidance in that regard. Most saliently, our precedent instructs that the injury must be "both certain and great," not "merely serious or substantial"; incapable of being "adequately atoned for in money"; or of the sort that "the district court cannot remedy following a final determination on the merits." *Id.* (alteration omitted) (citations omitted); *accord Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008).

Having thoroughly reviewed the record, we find that the district court correctly discerned no showing of irreparable harm. As noted *supra*, Ms. Hunter cabined her allegations concerning this factor to reputational injury. But she did so in cursory fashion, claiming only that WDOI was impugning her "excellent"

6

name in the insurance industry by contributing in some amorphous way to "another racket against [her]." R. at 125. Even construing Ms. Hunter's pro se filings liberally, as we must, we would be hard-pressed to find that these averments describe an injury that satisfies any of our formulations of irreparable harm for at least two reasons.

First, bedrock caselaw patently precludes Ms. Hunter's ability to stake a claim for injunctive relief on damage to her reputation. The Supreme Court has expressly held that even if the record reflects "a satisfactory showing . . . that [the litigant's] reputation would be damaged as a result of the challenged agency action, . . . the showing [will] fall[] far short of the type of irreparable injury which is a necessary predicate to the issuance of a[n] . . . injunction." *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974); *accord Office of Pers. Mgmt.*, 473 U.S. at 1304 n.6; *see also Franks v. Nimmo*, 683 F.2d 1290, 1294 (10th Cir. 1982). Indeed, the Court has drawn an important "distinction between an action at law for damages—which are intended to provide a victim with monetary compensation for an injury to his person, property, or *reputation*—and an equitable action for specific relief." *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (emphasis added). We accordingly have embraced the principle that "[a]ny loss of prestige, standing, or reputation that [the plaintiff] may have suffered prior to filing this action can be remedied through money damages and does not justify a preliminary injunction." *Schrier v. Univ. of Colo.*, 427 F.3d

7

1253, 1266 (10th Cir. 2005) (citation omitted). In other words, Ms. Hunter's challenge is meritless because, as a matter of well-settled law, allegations of reputational injury *do not* rise to the level of irreparable harm that could justify injunctive relief.

Second, even if Ms. Hunter could be heard to argue that the challenged licensing action, by damaging her good name and reputation, is impeding her ability to practice her chosen profession, that theory of relief would fail because it is not borne out by the record. Ms. Hunter has offered no evidence indicating how WDOI's conduct has negatively impacted her livelihood in any of the jurisdictions in which she purportedly holds an insurance license, nor how it might do so in the future. Indeed, as particularly relevant to the challenged agency proceedings, she has failed to demonstrate that she has ever conducted (or, for that matter, ever intends to conduct) *any* business in Wyoming that could potentially suffer if she loses her Wyoming insurance license. In other words, Ms. Hunter has no legally cognizable basis for the relief that she seeks given that she has not even alleged "[e]conomic loss[, which] usually does not, in and of itself, constitute irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003); *accord Port City Props.*, 518 F.3d at 1190.

In sum, binding precedent makes clear that Ms. Hunter's claimed injuries are overly speculative. And, insofar as they are redressable, it would be through the vehicle of money damages after any merits determination. The district court

thus properly found no irreparable harm and did not abuse its discretion in denying injunctive relief.

Lastly, we observe that the makeup of Ms. Hunter's appellate briefing does not avail her cause. She raises a host of miscellaneous contentions without substantiation—including those that assail the district court's character and aver that state insurance officials are criminally conspiring against her. Her arguments in this vein wholly lack merit and we decline to address them further. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[Plaintiff's] briefs in this court contain no argument of substance, and the [briefs'] tone convinces us to refrain from exercising any discretion we may have to delve for substance in a pro se pleading.").

## III

For the reasons discussed above, we **AFFIRM** the district court's denial of injunctive relief.

Entered for the Court


JEROME A. HOLMES
Circuit Judge